■ AXEL K. LANGHORST, Appellant, v SAMUEL C. GUZZARDO et al., Respondents.—Order, Supreme Court, New York County (Charles E. Ramos, J.), entered May 3, 1989, which denied plaintiff's motion for partial summary judgment, granted defendants' cross motion for summary judgment on the first and second causes of action, declared plaintiff not to be a tenant of the subject premises with no rights to the subject apartment, permanently enjoined plaintiff from occupying the apartment, dismissed the complaint and ordered plaintiff to vacate the apartment and remove himself and his possessions, unanimously affirmed, without costs.

Plaintiff commenced this action for a declaratory judgment

and money damages, alleging he had a right to occupy an apartment which was leased solely in the name of defendant Samuel Guzzardo. Plaintiff and Guzzardo had shared the apartment for seven years until Guzzardo married and demanded that he vacate. Protracted and bitter litigation ensued which has now resulted in granting the Guzzardos exclusive possession.

Plaintiff contends that the court erroneously refused to apply the doctrine of res judicata. However, the prior determinations had never declared the rights of the parties *inter se.* The Appellate Term had only held that a prior directed verdict in Civil Court on the issue of subtenancy was inappropriate as this was a question for the trier of fact. The subsequent jury verdict in plaintiff's favor determined solely that plaintiff was not a subtenant and the Appellate Term thereafter restored plaintiff to possession upon a motion based on the Civil Court determination. These determinations are limited by their parameters and never considered the questions raised below, whether plaintiff was a joint tenant, his rights as a roommate, the possible existence of an oral agreement and the demand for imposition of a constructive trust. Thus, the doctrine of res judicata is not applicable herein *(Matter of Reilly v Reid,* 45 NY2d 24, 29).

Contrary to plaintiff's assertions, the record substantiates the court's determination that his rights were only that of a roommate (Real Property Law § 235-f) and he has no indefinite right to occupy the subject premises *(Park S. Assocs. v Daniels,* 121 Misc 2d 933). Further, there is no showing of an oral agreement between the parties, and plaintiff has failed to demonstrate the existence of the elements requisite for imposition of a constructive trust *(Sharp v Kosmalski,* 40 NY2d 119).

The landlord herein contends that it is entitled to an award of legal fees paid in defense of this action pursuant to the lease and Real Property Law § 234. However, such fees are normally awarded in an action between a tenant and landlord which is not the case herein. Further, the landlord has not appealed from the order and thus this argument is not properly before the court. Concur—Kupferman, J. P., Asch, Milonas, Wallach and Rubin, JJ.