■ ANTONI LELEK, Appellant-Respondent, v VERIZON NEW YORK, INC., et al., Respondents-Appellants. VERIZON NEW YORK, INC., Third-Party Plaintiff-Respondent-Appellant, v LVI SERVICES, INC., Third-Party Defendant-Respondent. [863 NYS2d 429]—

Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered June 12, 2007, which denied plaintiff's motion

for summary judgment on the issue of liability under Labor Law § 240 (1), denied those branches of the respective cross motions of defendant Verizon New York, Inc. (Verizon) and of defendants Slattery Skanska, Inc. and Air Rail Construction Joint Venture, a joint venture composed of Slattery Skanska, Inc., Perini Corporation, Koch Skanska, Inc. and Skanska (USA) Inc. (collectively, the joint venture defendants), that sought summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) claims, denied that branch of the joint venture defendants' cross motion that sought summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against them, denied that branch of Verizon's cross motion that sought summary judgment on its claim for contractual indemnification against third-party defendant LVI Services, Inc. (LVI), granted that branch of Verizon's cross motion that sought summary judgment on its cross claim for common-law indemnification against the joint venture defendants, and denied that branch of the joint venture defendants' cross motion that sought summary judgment dismissing LVI's cross claims against them for indemnification or contribution, unanimously modified, on the law, to grant Verizon conditional summary judgment on its claim for contractual indemnification against LVI, and to deny Verizon summary judgment on its claim for common-law indemnification against the joint venture defendants, and otherwise affirmed, without costs.

In connection with the demolition of an overpass, plaintiff, an asbestos handler, was instructed to descend from the overpass's partially demolished roadway onto a wooden deck approximately three feet below, where he was to erect a decontamination chamber for the removal of asbestos from a pipe traversing the overpass. Plaintiff was required to step from the roadway, from which rebar was protruding, onto a foot-wide I-beam about nine inches below the roadway and from the I-beam to the decking about a foot and a half below the top of the beam. The decking was placed to catch debris falling from the roadway. While attempting to make this descent, plaintiff lost his footing, fell from the roadway onto the I-beam, and landed on one foot in the concrete debris on the deck. On this record, an issue of fact exists as to whether plaintiff's injuries resulted from a violation of Labor Law § 240 (1). Accordingly, plaintiff is entitled to a trial on his cause of action under Labor Law § 240 (1) against the joint venture defendants, the project's general contractors, and Verizon, the owner of the pipe from which asbestos was to be abated. The height differential at issue—approximately 2½ to 3 feet—does not alter this result (*see Megna v Tishman Constr. Corp. of Manhattan*, 306 AD2d 163 [2003]).

The cross motions by the joint venture defendants and Verizon were correctly denied to the extent they sought summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6). The demolition-related asbestos abatement work in which plaintiff was engaged was within the statute's coverage. Further, given that he was injured when, as a result of his fall, he struck his foot on debris from the roadway demolition that had accumulated on the deck, where the abatement work was to be conducted, plaintiff has raised an issue of fact as to whether his injury resulted from a violation of Industrial Code (12 NYCRR) § 23-1.7 (e) (2), which requires that "[w]orking areas" be "kept free from accumulations of . . . debris and from scattered . . . materials." Plaintiff has also raised an issue as to whether his injury resulted from a violation of Industrial Code § 23-1.7 (f), which requires that "[s]tairways, ramps or runways . . . be provided as the means of access to working levels above or below ground" where possible, and, where this is not possible, that "ladders or other safe means of access . . . be provided."

In view of the construction superintendent's testimony that the exposed rebar should have been cut down to an inch or two and that the concrete debris piled on the deck was between eight inches and a foot high, and plaintiff's supervisor's testimony that she spoke to someone at Slattery Skanska about cleaning up the debris, issues of fact as to negligence on the part of the joint venture defendants preclude summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims as against them (*see generally Mendez v Union Theol. Seminary in City of N.Y.*, 17 AD3d 271 [2005]). Further, defendant Slattery Skanska is not immune from these claims on the ground that its work was performed on behalf of the joint venture defendants (*see Pedersen v Manitowoc Co.*, 25 NY2d 412, 419 [1969]).

Verizon's motion for contractual indemnification should have been conditionally granted against third-party defendant LVI, the company Verizon hired to conduct the asbestos abatement operation in which plaintiff was engaged when he was injured. Verizon is entitled to such indemnification whether plaintiff was employed by LVI directly or by a nonparty subsidiary, since, under the abatement services agreement between LVI and Verizon, LVI agreed to indemnify Verizon for claims based on injuries "resulting from [LVI's] acts or omissions or those of persons furnished by [LVI] while performing work for [Verizon] pursuant to this Agreement," and for claims "resulting directly or indirectly from the Services under this Agreement whether

caused by the negligence of [LVI] or anyone acting on behalf of [LVI]." LVI has not raised a factual issue as to whether the work in question was performed pursuant to the services agreement between Verizon and itself.

The joint venture defendants' motion to dismiss. LVI's cross claim against them for common-law indemnification or contribution was correctly denied, given the existence of issues of fact as to whether negligence of the joint venture defendants was a cause of plaintiff's injuries. However, because the record does not establish as a matter of law that negligence of the joint venture defendants was a cause of plaintiff's injuries, the grant of summary judgment to Verizon on its cross claim against the joint venture defendants for common-law indemnification was erroneous.

We have considered the parties' remaining claims for affirmative relief and find them unavailing. Concur—Tom, J.P., Saxe, Friedman, Buckley and Catterson, JJ.