■ Marianne Kutza, Individually and as Administratrix of the Estate of Thomas Pyle, Deceased, Respondent, v Bovis Lend Lease LMB, Inc., et al., Appellants. [944 NYS2d 99]—

Order, Supreme Court, New York County (Emily Jane Goodman, J.), entered November 14, 2011, which denied defendants' motion for summary judgment dismissing plaintiffs' claims under Labor Law § 240 (1), § 241 (6) and § 200 and for common-law negligence, unanimously modified, on the law, to grant the motion to the extent of dismissing the Labor Law § 240 (1) claim, and otherwise affirmed, without costs.

The record evidence, including the deposition testimony of the decedent's coworker and supervisor, as well as the decedent's consistent statements at a Social Security Administration hearing, and on a Workers' Compensation claim form, presents triable issues of fact as to the cause of the decedent's fall, and to the liability of defendants owner and construction manager. The decedent's challenged out-of-court statements, to the effect that he tripped over garbage on the floor, were made to his coworker immediately after his injury, while he was bleeding heavily and in a panic. Such statements, under the circumstances, could be found by a trial court to be reliable, pursuant to exceptions to the hearsay rule (*see People v Johnson*, 1 NY3d 302, 305-308 [2003] [excited utterance]; *People v Brown*, 80 NY2d 729, 732-734 [1993] [present sense impression]), and thus supply competent proof as to causation.

In addition, the record shows that debris was observed all over the floor of the apartment where the decedent was working, both before and after his fall, and that the decedent's supervisor purportedly notified the construction manager promptly of the debris each time. Such evidence sufficiently raises triable issues as to whether the construction manager failed to fulfill its contractual obligation to clean debris allegedly left behind by other trades, and to keep the premises safe (*see Mendoza v Highpoint Assoc., IX, LLC*, 83 AD3d 1, 12-13 [2011]). Moreover, the evidence offered in opposition sufficiently raises issues as to whether defendants had notice of the alleged debris hazard.

Defendants argue that plaintiffs failed to raise a triable issue as to whether defendants violated Labor Law § 241 (6), inasmuch as the provision of the Industrial Code upon which plaintiffs rely (12 NYCRR 23-1.7 [e] [2]), does not apply where a worker trips over materials that are being used by tradesmen at the time of the accident. This argument is unavailing. There is no evidence that the decedent had tripped over his own materials, or those of other tradesman in the area. Rather, the evi-

dence indicates that the debris on the floor of the job site consisted of materials used by other tradesman who had allegedly departed the area. At a minimum, this raises triable issues as to the nature of the materials the decedent tripped over.

Dismissal of the Labor Law § 240 (1) claim is warranted since the decedent's injuries were not related to an elevation-related hazard. Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 2011 NY Slip Op 32985(U).]**