Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered April 13, 2012, which, to the extent appealed from, denied that branch of defendant NCJ Development Inc.’s motion for summary judgment that sought dismissal of plaintiffs causes of action for violations of Labor Law §§ 240 (1) and 241 (6), and granted plaintiff’s cross motion for partial summary judgment on her Labor Law § 240 (1) claim, unanimously modified, on the law, to deny plaintiffs cross motion under Labor Law § 240 (1), and otherwise affirmed, without costs.
Plaintiff was assigned to tape and polish installed sheetrock walls on the first floor of a construction project. She tripped on a metal cable, dislodging a pile of sheetrock boards, which stood approximately eight feet high and were leaning against a wall, not in use. Plaintiff attempted to stop boards from falling with her hands and head, but she could not support their weight, and suffered injuries.
The Supreme Court correctly held that section 240 (1) applies to this case even though the sheetrock that fell upon plaintiff *410 was located on the same first-floor level as plaintiff (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1 [2011]), and was not being hoisted or secured (see Fabrizi v 1095 Ave. of the Ams., L.L.C., 98 AD3d 864, 865-866 [1st Dept 2012]). We find no inconsistency between plaintiff’s deposition testimony and her averment that at the time the sheetrock fell on her, it was leaning against the wall and resting atop blocks of wood approximately two feet high, a sufficient height differential to implicate section 240 (l)’s protections (see Lelek v Verizon NY., Inc., 54 AD3d 583, 584 [1st Dept 2008]).
However, plaintiff was not entitled to summary judgment on her section 240 (1) claim (Wilinski, 18 NY3d at 11). Here, as in Wilinski, there is a “potential ‘causal connection between the object[s’] inadequately regulated descent and plaintiffs injury’ ” (id., quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 605 [2009]). Nevertheless, it cannot be determined, on the extant record, whether plaintiffs injuries were proximately caused by the lack of a safety device of the kind required by Labor Law § 240 (1) (Wilinski at 11).
The court correctly determined that triable issues of fact also exist as to whether defendant violated Industrial Code (12 NYCRR) §§ 23-1.7 (e) (2) and 23-2.1 (a) (1), which are proper predicates for plaintiffs Labor Law § 241 (6) claim (see Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 505 [1993]). As for section 23-1.7 (e) (2), issues of fact exist as to whether the cable upon which plaintiff tripped immediately before the sheetrock fell on her was an inherent part of the construction of the building or “debris” (id.). Indeed, defendant asserted that it, as well as defendant Nautica Plumbing & Heating Corp., had cleaned the premises before plaintiffs employer performed the sheetrock work.
As for 12 NYCRR 23-2.1 (a) (1), although defendant correctly argues that there has been no testimony that the sheetrock boards blocked a passageway, walkway, stairway or thoroughfare, the fact that the sheetrock fell on plaintiff raises an issue of fact as to whether the boards were stored in a “safe and orderly manner” (id.; see Castillo v 3440 LLC, 46 AD3d 382 [1st Dept 2007]).
We have considered defendant’s remaining contentions and find them unavailing. Concur — Gonzalez, PJ., Tom, Acosta and Richter, JJ.