■ LISA BEST, Respondent, v TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Respondents-Appellants. TISHMAN CONSTRUCTION CORPORATION OF NEW YORK et al., Third-Party Plaintiffs-Respondents-Appellants, v SOLAR ELECTRIC SYSTEMS, INC., Third-Party Defendant-Appellant-Respondent, et al., Third-Party Defendant. [993 NYS2d 16]—

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered June 25, 2012, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims, denied summary judgment as to the Labor Law § 241 (6) claim predicated on alleged violations of Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2), denied defendants' motion for summary judgment on their third-party claim for contractual indemnification against third-party defendant Solar Electric Systems, Inc. (Solar), and denied Solar's cross motion for summary judgment dismissing the third-party complaint as against it, unanimously modified, on the law, to grant defendants conditional summary judgment on their third-party claim for contractual indemnification against Solar, and otherwise affirmed, without costs.

Supreme Court properly denied the motions for summary judgment dismissing plaintiff's cause of action under Labor Law § 241 (6). Defendants failed to demonstrate, with respect to the Labor Law § 241 (6) claim, that 12 NYCRR 23-1.7 (e) (1) is inapplicable to this case, given plaintiff's testimony that the she tripped over the electrical cord in the passageway (*see Thomas v Goldman Sachs Headquarters, LLC*, 109 AD3d 421 [1st Dept 2013]). Contrary to defendants' contention that the accident occurred in an open working area rather than a passageway, plaintiff and a Solar supervisor described the area as a small hallway or corridor. Defendants also failed to show that the cord did not constitute scattered materials for purposes of 12 NYCRR 23-1.7 (e) (2). Contrary to defendants' argument, the evidence does not show that the cord was not left there by another trade that had departed before the accident occurred (*see Kutza v Bovis Lend Lease LMB, Inc.*, 95 AD3d 590 [1st Dept 2012]).

Supreme Court also properly granted summary judgment dismissing the common-law negligence and Labor Law § 200 causes of action to the direct defendants (the project's owner and construction manager), which did not exercise supervisory control over the work.

Third-party defendant Solar is obligated by its contract to indemnify defendants, among others, for suits or costs arising from its work, except to the extent the damage in question was attributable to defendants' fault. While Supreme Court properly denied Solar's cross motion for summary judgment dismissing the third-party complaint, it erred to the extent it denied defendants conditional summary judgment on their third-party claim for contractual indemnity for any judgment plaintiff may recover. In view of the dismissal of the common-law negligence and Labor Law § 200 causes of action, any liability that may be imposed on defendants in this action will be vicarious pursuant to Labor Law § 241 (6), and there will be no bar to their recovery of complete indemnification pursuant to Solar's contract. Contrary to Solar's argument, Supreme Court's March 5, 2010 order in the action brought by defendants for, inter alia, a declaration that Solar had a duty to indemnify and defend them (*see National Union Fire Ins. Co. of Pittsburgh, Pa. v Great Am. E&S Ins. Co.*, 86 AD3d 425 [1st Dept 2011]) is not res judicata as to defendants' third-party claims against Solar, since the prior order did not address those claims on the merits (*see Langhorst v Guzzardo*, 156 AD2d 272 [1st Dept 1989]). Concur—Mazzarelli, J.P., Friedman, DeGrasse, Richter and Manzanet-Daniels, JJ.