■ JUAN RODRIGUEZ, Plaintiff, v FLUSHING TOWN CENTER III, L.P., et al., Defendants/Third-Party Plaintiffs-Respondents, et al., Defendant. URBAN POWER & LIGHT, INC., Third-Party Defendant-Appellant. [20 NYS3d 120]—In an action to recover damages for personal injuries, the third-party defendant appeals from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 11, 2014, as denied that branch of its motion which was for summary judgment dismissing the third-party causes of action for contractual indemnification, and granted those branches of the cross motion of the defendants/third-party plaintiffs Flushing Town Center III, L.P., and Muss Development, LLC, which were for summary judgment dismissing the plaintiff's causes of action alleging common-law negligence and a violation of Labor Law § 200, and for summary judgment on their third-party causes of action for contractual indemnification.

Ordered that the appeal from so much of the order as granted that branch of the cross motion of the defendants/third-party plaintiffs Flushing Town Center III, L.P., and Muss Development, LLC, which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200 is dismissed, without costs or disbursements, as the third-party defendant is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 152 [2010]); and it is further,

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the cross motion of the defendants/third-party plaintiffs Flushing Town Center III, L.P., and Muss Development, LLC, which was for summary judgment on the third-party cause of action for contractual indemnification brought on behalf of Muss Development, LLC, and substituting therefor a provision denying that branch of the cross motion, and (2) by adding a provision thereto that a recovery by Flushing Town Center III, L.P., for contractual indemnification, is conditioned upon the plaintiff's recovery against Flushing Town Center III, L.P.; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

A party cannot seek contractual indemnification for its own negligence (see General Obligations Law § 5-322.1; Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co., 89 NY2d 786, 795

[1997]). The parties' submissions raised triable issues of fact as to whether the negligence of the defendant/third-party plaintiff Muss Development, LLC (hereinafter Muss), contributed to the accident. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing the third-party cause of action for contractual indemnification brought on behalf of Muss, and should have denied that branch of the cross motion of Muss and the defendant/third-party plaintiff Flushing Town Center III, L.P. (hereinafter Flushing), which was for summary judgment on that cause of action (*see Arriola v City of New York*, 128 AD3d 747 [2015]; *Reisman v Bay Shore Union Free School Dist.*, 74 AD3d 772 [2010]). However, there was no evidence that Flushing was negligent, and therefore, Flushing was entitled to conditional summary judgment on its cause of action for contractual indemnification (*see Best v Tishman Constr. Corp. of N.Y.*, 120 AD3d 1081, 1082 [2014]).

The appellant's remaining contentions are either without merit, or beyond the scope of its limited notice of appeal (*see O'Brien v Town of Huntington*, 131 AD3d 685 [2015]). Balkin, J.P., Dickerson, Roman and Hinds-Radix, JJ., concur.