■ JORGE LOIS, Respondent, v FLINTLOCK CONSTRUCTION SERVICES, LLC, et al., Appellants. FLINTLOCK CONSTRUCTION SERVICES, LLC, et al., Third-Party Plaintiffs-Respondents, v J&R GLASSWORKS, INC., Third-Party Defendant-Appellant. (And a Second Third-Party Action.) [27 NYS3d 120]—

Order, Supreme Court, Bronx County (Mark Friedlander, J.), entered December 16, 2014, which, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim, and denied the motion of third-party defendant J&R Glassworks, Inc. (J&R) for summary judgment dismissing defendants/third-party plaintiffs' contractual indemnification claim against it, unanimously affirmed, without costs.

The court properly denied defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim, rejecting their arguments that defendants, Bass Associates, LLC (Bass) and Flintlock Construction Services, LLC (Flintlock), were not the owner and general contractor, respectively, for purposes of the statute. Plaintiff allegedly slipped and/or tripped on a plastic tarp and broken concrete on the floor, causing him to

fall, in the course of attempting to comply with an instruction from his superior to transport a window to a different part of the eighth or ninth floor of a new building. Plaintiff's employer, third-party defendant J&R, had assigned the two to complete this task to address a complaint that the window was leaking water. J&R was required to perform this work pursuant to the warranty in its subcontract with Flintlock that J&R would correct any defects within 12 months after "substantial completion" of its work (part of which was installing exterior windows), which undisputedly occurred much less than 12 months before the accident. Thus, there is at least an issue of fact whether Bass served the role of an owner by contracting to have the work performed for its benefit, notwithstanding that Bass had previously transferred title to the eighth and ninth floors to new unit owners (*see Scaparo v Village of Ilion*, 13 NY3d 864, 866 [2009]).

Defendants' argument that no one within the chain of authority of their construction project created or had notice of the hazardous condition that caused plaintiff to fall is unavailing (*cf. DeStefano v Amtad N.Y.*, 269 AD2d 229 [1st Dept 2000]). Defendants' argument that the debris covered by a plastic tarp, upon which plaintiff slipped and fell, must have been created by a contractor hired by the owner which had recently purchased the floor from Bass, since unit owners were responsible for building out the interior of their units, is speculative. Assuming for the sake of argument that defendants were not in contractual privity with whoever created the debris, they were still in contractual privity with J&R. Since plaintiff's J&R superior was present on the undivided floor for about five hours before the accident occurred, a jury could "rationally conclude[ ] that someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard, and that plaintiff's slipping, falling and subsequent injury proximately resulted from such negligence" (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351 [1998]).

The court also properly found that defendants failed to meet their initial burden of establishing the inapplicability of Industrial Code (12 NYCRR) § 23-1.7 (e) (1) and (2). Viewed in the light most favorable to plaintiff, his testimony that he fell while walking on a two- or three-foot space between two large piles of debris, and that he was required to pass through that area in order to access the window being repaired, established that the accident occurred in a "passageway" within the meaning of Industrial Code § 23-1.7 (e) (1). Whether the accident is

characterized as a slip and fall or trip and fall is not dispositive as to the applicability of that regulation (*see DeMaria v RBNB 20 Owner, LLC*, 129 AD3d 623, 625 [1st Dept 2015]).

Contrary to defendants' argument that Industrial Code § 23-1.7 (e) (2) is inapplicable, the plastic tarp on which plaintiff slipped "was not an integral part of the work being performed by the plaintiff at the time of the accident" (*Tighe v Hennegan Constr. Co., Inc.*, 48 AD3d 201, 202 [1st Dept 2008]). Plaintiff's testimony raised an inference that the tarp had been placed over the debris by other companies, which had apparently departed the area by the day of the accident since plaintiff and his coworker were the only workers on their floor from about 7:00 a.m. until the accident occurred about five hours later (*see Kutza v Bovis Lend Lease LMB, Inc.*, 95 AD3d 590, 591-592 [1st Dept 2012]).

The court properly denied J&R's motion for summary judgment dismissing defendants' contractual indemnification claim against it. J&R's obligation to indemnify defendants pursuant to its subcontract with Flintlock is limited to injuries or claims arising from its negligent acts or omissions in performing the work. However, J&R failed to meet its initial burden of demonstrating an absence of issues of fact as to whether it had notice of the hazardous condition that caused plaintiff's injuries. Concur—Tom, J.P., Saxe, Richter and Kapnick, JJ.