■ DAVID FITZGERALD et al., Appellants, v MARRIOTT INTERNATIONAL, INC., et al., Respondents. [64 NYS3d 883]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered May 16, 2016, which, insofar as appealed from, granted defendants' motion for summary judgment dismissing the Labor Law § 241 (6) claim, and denied plaintiffs' cross motion for partial summary judgment on the issue of liability on the claim, and to amend the bill of particulars, unanimously reversed, on the law, without costs, defendants' motion denied, and plaintiffs' cross motion granted.

Plaintiff David Fitzgerald injured his knee when, during the course of his employment as a steamfitter, he slipped and fell on a piece of mud-covered insulation while walking down a wooden ramp. At the time, he was working the night shift to monitor the heating fans and pipes, and to ensure that there were no problems with the work that his company had performed earlier that day.

Plaintiff's testimony established that he was engaged in construction work for Labor Law purposes (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]; *Campisi v Epos Contr. Corp.*, 299 AD2d 4, 6 [1st Dept 2002]; *see also Griffin v New York City Tr. Auth.*, 16 AD3d 202 [1st Dept 2005]).

As the motion court determined, 12 NYCRR 23-1.7 (d) does not apply, as plaintiff did not slip on a "slippery condition" or "foreign substance" within the meaning of that provision (*see D'Acunti v New York City School Constr. Auth.*, 300 AD2d 107 [1st Dept 2002]; *see also Nankervis v Long Is. Univ.*, 78 AD3d 799 [2d Dept 2010]; *Salinas v Barney Skanska Constr. Co.*, 2 AD3d 619, 622 [2d Dept 2003]). However, 12 NYCRR 23-1.7 (e) is applicable, as the ramp constitutes a "passageway" under

section 23-1.7 (e) (1) (*see Conklin v Triborough Bridge & Tunnel Auth.*, 49 AD3d 320 [1st Dept 2008]; *see also Caudill v Rochester Inst. of Tech.*, 125 AD3d 1392 [4th Dept 2015]), and a "working area" under section 23.1.7 (e) (2) (*see Maza v University Ave. Dev. Corp.*, 13 AD3d 65 [1st Dept 2004]; *Canning v Barneys N.Y.*, 289 AD2d 32, 34-35 [1st Dept 2001]). The insulation constitutes debris under the regulation. The fact that plaintiff slipped, rather than tripped, on the piece of insulation does not render 12 NYCRR 23-1.7 (e) inapplicable (*see Serrano v Consolidated Edison Co. of N.Y. Inc.*, 146 AD3d 405 [1st Dept 2017], *lv dismissed* 29 NY3d 1118 [2017]; *Lois v Flintlock Constr. Servs., LLC*, 137 AD3d 446, 447-448 [1st Dept 2016]). Concur—Tom, J.P., Renwick, Gische, Oing and Singh, JJ.