Gonzalez v G. Fazio Constr. Co., Inc. (2019 NY Slip Op 07728)





Gonzalez v G. Fazio Constr. Co., Inc.


2019 NY Slip Op 07728


Decided on October 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2019

Richter, J.P., Gische, Tom, Gesmer, Moulton, JJ.


10215A 10215

[*1] Raymond Gonzalez, Plaintiff-Respondent,
v
G. Fazio Construction Co., Inc., et al., Defendants-Appellants.
G. Fazio Construction Co., Inc., et al., Third-Party Plaintiffs-Appellants,
v
RGB Group, Inc., Third-Party Defendant-Respondent-Appellant.


Mauro Lilling Naparty LLP, Woodbury (Anthony F. DeStefano of counsel), for appellants.
Law Offices of Sean H. Rooney, Brooklyn (Robert S. Mazzuchin of counsel), for Raymond Gonzalez, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Sarah M. Ziolkowski of counsel), for RGB Group, Inc., respondent-appellant.



Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered on or about November 28, 2018, which denied third-party defendant RGB Group, Inc.'s (RGB) motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant the motion to the extent of dismissing the Labor Law § 240(1) claim and the Labor Law § 241(6) claim except insofar as predicated on Industrial Code § 23-1.7(e)(2), and otherwise affirmed, without costs. Order, same court and Justice, entered on or about November 28, 2018, which denied defendants/third-party plaintiffs G. Fazio Construction Co., Inc. and El Rio Housing Development Fund Corporation's (defendants) motion for summary judgment dismissing their common law negligence and Labor Law §§ 200 and 241(6) claims, and their third-party claim for contractual indemnification against RGB, unanimously modified, on the law, to grant the motion to the extent of dismissing the Labor Law § 241(6) claim except insofar as predicated upon Industrial Code § 23-1.7(e)(2), and awarding conditional contractual indemnification, and otherwise affirmed, without costs.
Plaintiff, a laborer on a construction site employed by foundation contractor RGB, was allegedly injured when he tripped on debris while pushing a wheelbarrow of materials across the site. RGB's motion to dismiss plaintiff's Labor Law § 240(1) claim should have been granted, as this section is inapplicable here. Additionally RGB's and defendants' motions should have been granted to the extent they sought dismissal of the Labor Law § 241(6) claim predicated on a violation of 12 NYCRR 23-1.7(e)(1), because the accident did not occur in a passageway (Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67 [1st Dept 2018]). However, plaintiff's testimony that he tripped on construction debris was sufficient to raise an issue of fact as to whether 12 NYCRR 23-1.7(e)(2) was violated (Lelek v Verizon N.Y., Inc., 54 AD3d 583, 585 [1st Dept 2008]). Since plaintiff was required to navigate the allegedly debris strewn area in order to perform his assigned task, it was part of the "[w]orking area" within the meaning of the [*2]provision (Quigley, 168 AD3d at 68; Smith v Hines GS Props., Inc., 29 AD3d 433 [1st Dept 2006]).
We affirm the denial of that portion of defendants' and RGB's motions seeking dismissal of the common law negligence and Labor Law § 200 claims. Plaintiff's testimony that the area where he fell was strewn with rocks, metal, wood, broken pieces of concrete, and "full of debris everywhere" was sufficient to raise an issue of fact as to whether defendants had notice of the accumulation of debris that plaintiff was required to navigate which caused him to trip (see Kutza v Bovis Lend Lease LMB, Inc., 95 AD3d 590, 591 [1st Dept 2012]). Further, defendants' liability is not negated by the allegedly open nature of the debris, which, at most, would go to plaintiff's comparative negligence (Maza v University Ave. Dev. Corp., 13 AD3d 65, 66 [1st Dept 2004]).
Under the broad language of the indemnification agreement, defendants are conditionally entitled to contractual indemnification to the extent the accident was not caused by their own negligence (DeSimone v City of New York, 121 AD3d 420, 422-423 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 29, 2019
CLERK