## McGill v Whitney Museum of Am. Art

2024 NY Slip Op 33127(U)

September 6, 2024

Supreme Court, New York County

Docket Number: Index No. 158766/2015

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. HASA A. KINGO

*Justice*

PART     5

------------------------------------------------------------------------------X

RICHARD MCGILL,

Plaintiff,

- v -

WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY,

Defendant.

------------------------------------------------------------------------------X

WHITNEY MUSEUM OF AMERICAN ART, TURNER
CONSTRUCTION COMPANY

Plaintiff,

-against-

ANDREW MEROLA

Defendant.

------------------------------------------------------------------------------X

INDEX NO.          158766/2015

MOTION DATE          04/26/2024

MOTION SEQ. NO.          012


**DECISION + ORDER ON MOTION**


Third-Party
Index No.  595459/2024


The following e-filed documents, listed by NYSCEF document number (Motion 012) 208, 209, 210, 211, 212, 213, 214, 215, 216, 322

were read on this motion to                                PRECLUDE                                .

 With the instant motion, Defendants Whitney Museum of American Art and Turner Construction Company ("Defendants") move for an order seeking to preclude Plaintiff Richard McGill ("Plaintiff") from introducing testimony or evidence related to certain New York Industrial Codes and OSHA Regulations, asserting that they are irrelevant and would prejudice the jury. Plaintiff opposes the motion. For the reasons set forth herein, Defendants' motion is denied to the extent indicated.

## BACKGROUND

 This case arises from an incident on August 16, 2013, where Plaintiff, a glazier employed by trade, was injured while working on the construction of the new Whitney Museum of American Art in Manhattan. Plaintiff alleges that he slipped or tripped while working on a scissor lift on the ninth floor of the Whitney, falling onto a pile of improperly stacked materials. He contends that the lift lacked proper steps and that the working surface was slippery due to silicone, a sealant used in window construction, which had not been removed.

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**          **Page 1 of 4**
**Motion No.  012**

1 of 4

Plaintiff commenced this action on August 24, 2015, asserting claims under Labor Law §§ 200, 240(1), and 241(6), as well as common law negligence. In his bill of particulars, Plaintiff alleged violations of multiple Industrial Codes and OSHA regulations. Defendants moved for summary judgment in January 2021, seeking dismissal of Plaintiff's claims under Labor Law §§ 200 and 240(1). However, they did not seek dismissal of the § 241(6) claims at that time. Presently, Defendants bring this motion *in limine* to preclude the introduction of evidence regarding specific Industrial Codes and OSHA Regulations.

## ARGUMENTS

Defendants argue that many of the New York Industrial Codes and OSHA regulations cited by Plaintiff are irrelevant to the circumstances of the incident. Specifically, they assert that codes related to safety devices or equipment defects, such as Industrial Code § 23-1.5, are inapplicable because Plaintiff's allegations do not involve such issues. They also contend that OSHA regulations cannot serve as a predicate for liability under Labor Law § 241(6) and, therefore, should not be referenced at trial.

Additionally, Defendants argue that introducing these codes and regulations would prejudice the jury and lead to confusion, as they would distract from the material facts of the case. They seek to exclude evidence related to these codes to prevent unnecessary complications and delays in the trial process.

At oral argument on September 5, 2024, Plaintiff conceded that the only regulations cited in Defendants' moving papers that Plaintiff intends to reference at trial are 12 NYCRR 23-1.7(e)(1), 23-1.7(e)(2), 23-1.7(f), and specified OSHA Regulations. Accordingly, the court need not address the applicability of the other industrial code provisions cited by Defendants.

## DISCUSSION

### *Timeliness of Defendants' Motion*

The court first addresses the timeliness of Defendants' motion. As Plaintiff correctly notes, this motion, which seeks to exclude evidence and, in effect, obtain summary judgment on certain aspects of Plaintiff's claims, comes more than four years after the filing of the note of issue. Under CPLR § 3212(a), a motion for summary judgment must be made no later than 120 days after the filing of the note of issue unless good cause is shown. Here, Defendants have offered no justification for their delay in raising these issues, which could have been addressed during the summary judgment stage in 2021.

The motion is therefore untimely and must be denied on this ground alone. The court, however, will proceed to address the merits of Defendants' arguments, as they pertain to the admissibility of the evidence at trial.

### *Applicability of Industrial Code § 23-1.7(e)(1) and (2)*

**158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART**          **Page 2 of 4**
**Motion No.  012**

2 of 4

Industrial Code § 23-1.7(e) pertains to slipping and tripping hazards in work areas and passageways. Subsection (1) requires that passageways be kept free of accumulations that could cause tripping, and Subsection (2) mandates that work areas be kept clear of debris and other hazards that could cause slipping.

In this case, Plaintiff alleges that he slipped on silicone left on the mid-rail of the aerial basket he was using. The silicone, which was not removed, constituted debris or a foreign substance that created a slipping hazard in violation of § 23-1.7(e)(2). Furthermore, the area where Plaintiff fell can be considered both a "working area" and a "passageway" under § 23-1.7(e)(1), as he was required to pass through it to reach his work area. The Appellate Division, First Department's decisions in *Lois v. Flintlock Const. Services, LLC*, 137 AD3d 446 (1st Dept 2016), and *Fitzgerald v. Marriott Intl., Inc.*, 156 AD3d 458 (1st Dept 2017), support the conclusion that the regulation is applicable to Plaintiff's circumstances.

Accordingly, Defendants' argument that § 23-1.7(e) is inapplicable is without merit. Plaintiff is entitled to present evidence at trial regarding these violations as they directly relate to his claim under Labor Law § 241(6).

### Applicability of Industrial Code § 23-1.7(f)

Industrial Code § 23-1.7(f) requires that stairways, ramps, or ladders be provided where there is a break in elevation between different work levels. Plaintiff alleges that the only way for him to descend from the roof to the aerial basket was by stepping down more than two feet onto the mid-rails of the basket, as no stairways, ramps, or ladders were provided. This scenario clearly falls within the purview of § 23-1.7(f), which was intended to prevent exactly this type of hazardous situation.

The Appellate Division, First Department's rulings in *Ferguson v. Durst Pyramid, LLC*, 178 AD3d 634 (1st Dept 2019), and *Davis v. Trustees of Columbia Univ. in City of New York*, 199 AD3d 481 (1st Dept 2021), confirm that a violation of § 23-1.7(f) can be established when a worker is not provided with a safe means of accessing different work levels. The regulation is, therefore, applicable and relevant to Plaintiff's Labor Law § 241(6) claim.

### Relevance of OSHA Regulations

Defendants argue that OSHA regulations cannot establish liability under Labor Law § 241(6). While this is correct, the court notes that OSHA regulations can be considered as evidence of negligence under Labor Law § 200 and common law negligence claims. The Appellate Division, Fourth Department's decision in *Landry v. Gen. Motors Corp., Cent. Foundry Div.*, 210 AD2d 898 (4th Dept 1994), supports this proposition.

In this case, Plaintiff cites specific OSHA regulations, including 29 CFR 1926.453(b)(2)(iv), which prohibits workers from climbing on the edge of an aerial basket, and 29 CFR 1926.1051(a), which mandates the provision of stairways or ladders where there is a break in elevation of 19 inches or more. These regulations are directly relevant to the safety issues Plaintiff encountered and may be introduced as evidence of Defendants' negligence.

158766/2015  MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART          Page 3 of 4
Motion No.  012

3 of 4

[* 3]

For the reasons set forth above, it is hereby

ORDERED that Defendants' motion to preclude the introduction of evidence related to the cited New York Industrial Codes and OSHA regulations is denied; and it is further

ORDERED that Plaintiff is entitled to present evidence regarding the alleged violations of 12 NYCRR 23-1.7(e)(1), 23-1.7(e)(2), 23-1.7(f), as well as 29 CFR 1926.453(b)(2)(iv), and 29 CFR 1926.1051(a), at trial; and it is further

ORDERED that Defendants' motion is further denied as untimely.

This constitutes the decision and order of the court.

<u>9/6/2024</u>
DATE

HASA A. KINGO, J.S.C.

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

158766/2015   MCGILL, RICHARD vs. WHITNEY MUSEUM OF AMERICAN ART          Page 4 of 4
Motion No.  012

4 of 4