## Berardi v 900 Third Ave., L.P.

2025 NY Slip Op 32095(U)

June 12, 2025

Supreme Court, New York County

Docket Number: Index No. 156323/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | **HON. MARY V. ROSADO** | PART **33M** |
| | *Justice* | |

---------------------------------------------------------------X

CHRISTOPHER BERARDI,

                  Plaintiff,

- v -

900 THIRD AVENUE, L.P., PARAMOUNT GROUP, INC.,JOHN GALLIN & SON, INC.,GANNON CONTRACTING, LLC,

                  Defendant.

---------------------------------------------------------------X

GANNON CONTRACTING, LLC

                  Plaintiff,

-against-

EMPIRE OFFICE, INC.

                  Defendant.

---------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156323/2021 |
| MOTION DATE | 07/26/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595095/2022

The following e-filed documents, listed by NYSCEF document number (Motion 001) 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104

were read on this motion to/for         JUDGMENT - SUMMARY       .

Upon the foregoing documents, and after a final submission date of April 15, 2025, Third-Party Defendant Empire Office, Inc.'s ("Empire Office") motion for summary judgment dismissing Plaintiff Christopher Berardi's ("Plaintiff") Complaint and the Third-Party Plaintiff Gannon Contracting LLC's ("Gannon") Third-Party Complaint asserted against it is granted in part and denied in part. Plaintiff's motion for partial summary judgment on the issue of liability against Defendants 900 Third Avenue, L.P. ("900 Third Avenue"), Paramount Group, Inc. ("Paramount"), and Gannon (collectively "Defendants") on his Labor Law § 241(6) claim, and

partial summary judgment on the issue of liability against Gannon on his Labor Law § 200 claim is granted in part and denied in part.[1]

## I. Background

On August 7, 2020, Plaintiff worked for Empire Office on the 25th floor of 900 Third Avenue, New York, New York (the "Premises") installing glass for office fronts (NYSCEF Doc. 69 at 22, 24). 900 Third Avenue owned the Premises, and Paramount is the corporate parent of 900 Third Avenue (NYSCEF Doc. 70 at 18-19). Gannon was the general contractor (NYSCEF Doc. 70 at 21). Gannon retained Empire Office as a subcontractor (NYSCEF Doc. 70 at 27). On the night of Plaintiff's accident, his coworker and he received a delivery of glass on the 25th floor via freight elevator. They moved the glass on an A-frame cart, unloading it at each office space (NYSCEF Doc. 69 at 31-32, 37-38). The floor of the Premises was covered with a blue tarp installed by Gannon, which developed ripples over the course of the night (NYSCEF Doc. 69 at 40, 71 at 18). After the glass was unloaded, Plaintiff pushed the A-frame cart back to the elevator when his foot snagged a part of the tarp, and he fell (NYSCEF Doc. 69 at 42-44).

Gannon's labor foreman testified Plaintiff was supposed to use a route with Masonite (NYSCEF Doc. 71 at 15). A representative from Empire present at the time of Plaintiff's accident testified that there was no Masonite on the floor, just a tarp (NYSCEF Doc. 73 at 49). Empire Office now seeks summary judgment dismissing Plaintiff's Complaint and Gannon's Third-Party Complaint. Plaintiff cross-moves for summary judgment against 900 Third Avenue, Paramount, and Gannon on his Labor Law § 241(6) claim, and against Gannon on his Labor Law § 200 claim.

---

[1] This action was discontinued by all parties against Defendant John Gallin & Son, Inc. on August 1, 2023 (NYSCEF Doc. 48).

**156323/2021  BERARDI, CHRISTOPHER vs. 900 THIRD AVENUE, L.P. ET AL**
**Motion No.  001**

**Page 2 of 8**

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. Plaintiff's Cross-Motion

#### i. Timeliness

The Court considers Plaintiff's cross-motion for summary judgment notwithstanding Defendants' opposition based on untimeliness. Empire Office's motion for summary judgment was timely, therefore any cross-motion seeking relief nearly identical to Empire Office's motion will also be deemed timely (*Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 71 AD3d 538, 540 [1st Dept 2010]). Because Empire Office's motion addresses liability under Plaintiff's Labor Law claims, his mirror-image cross-motion is timely (*Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc.*, 104 AD3d 446, 449 [1st Dept 2013]).

#### ii. Labor Law § 241(6)

Plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim is granted in part and denied in part. As a preliminary matter, there is no dispute Defendants are proper Labor Law defendants. Moreover, Defendants' argument that Plaintiff was not engaged in

work within the scope of Labor Law § 241(6) is without merit, as he was involved in construction – namely installing glass office fronts as part of a renovation of a demolished office space (NYSCEF Doc. 70 at 21).

Plaintiff's motion for summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.7(e)(1) is granted. This provision requires all passageways to be kept free from any obstructions or conditions would cause tripping (*see Sancino v Metropolitan Transp. Auth.*, 184 AD3d 534, 534-35 [1st Dept 2020]). A passageway "mean[s] a defined walkway or pathway used to traverse between discrete areas as opposed to an open area" (*Quigley v Port Auth. of N.Y. & N.J.*, 168 AD3d 65, 67 [1st Dept 2018]). A corridor constitutes a passageway within the meaning of Industrial Code § 23-1.7(e)(1) (*see Best v. Tishman Const. Corp. of New York*, 120 AD3d 1081, 1081 [1st Dept 2014]). While Plaintiff's comparative negligence may be raised at trial on damages, it is not a bar to summary judgment finding a violation of Labor Law 241(6) (*Rodriguez v City of New York*, 31 NY3d 312 [2018]).

Here, there is no dispute the torn tarp constituted a tripping hazard, as admitted by Gannon's foreman (NYSCEF Doc. 71 at 21). Nor was Plaintiff ever instructed to avoid walking over the tarp, nor was the area blocked off (NYSCEF Doc. 71 at 27; 35; 46; 48). Nor was the tarp integral to the work at hand where another and safer cover for the carpet could have been used (*Bazdaric v Almah Partners LLC*, 41 NY3d 310, 318 [2024]). Moreover, the photographs and deposition testimony establish that the tarp covered a passageway (*see, e.g.* NYSCEF Doc. 92 and 93). Gannon's witness specifically referred to the path Plaintiff took as the wrong "route" (NYSCEF Doc. 71 at 15 and 47) and Empire Office's witness described the location as a "corridor." (NYSCEF Doc. 73 at 40). Plaintiff also described the location from the elevator to the offices as a "corridor" (NYSCEF Doc. 69 at 62 and 123). The photos themselves reflect not a

wide-open workspace but a hallway flanked by framed office spaces with a tarp covering the walkway between the framed offices.

The undisputed testimony shows Plaintiff was walking back and forth from the elevator down the tarp covered corridor to office spaces transporting glass when he tripped on the wrinkled and/or torn tarp. While there was no Masonite placed over the tarp, this amounts to at most comparative negligence.[2] Therefore, Plaintiff is granted summary judgment as to liability on his Labor Law 241(6) claim predicated on a violation of Industrial Code § 23-1.7(e)(1) (*see also Rossi v W. JV Mgr. LLC*, 171 AD3d 668 [1st Dept 2019] citing *Lois v Flintlock Const. Services, LLC*, 137 AD3d 446, 447 [1st Dept 2016]). However, Plaintiff's motion for summary judgment on his Labor Law 241(6) claim predicated on a violation of Industrial Code § 23-1.7(e)(2) is denied. There was no debris or scattered tools which caused Plaintiff's accident, nor can the tarp be considered "scattered material" when the photographs show it was placed along the entire corridor.

### iii.    Labor Law § 200

Plaintiff's motion for summary judgment on his Labor Law § 200 claim is denied. Where a plaintiff's injury is caused by a dangerous condition, liability attaches if the owner or general contractor had actual or constructive notice of it. (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). Here, Plaintiff allege his injury was caused by a dangerous condition – namely a wrinkled and torn tarp. However, Gannon's foreman testified that he did not know Plaintiff was walking over the tarp and that there was Masonite available. This testimony creates an issue of fact as to constructive notice of the dangerous condition which caused Plaintiff's fall.

---

[2] Although Defendants point to testimony from Empire Office's witness to argue Masonite was present at the time of Plaintiff's accident, the testimony is unclear. The question asked Empire Office's witness was an improper compound question – specifically: "were there times you were maneuvering over Masonite or the tarp or something else?" The answer was "yes, yes" – and he clarified he maneuvered the cart over the tarp on numerous occasions.

**156323/2021   BERARDI, CHRISTOPHER vs. 900 THIRD AVENUE, L.P. ET AL**                    **Page 5 of 8**
**Motion No.  001**

### C. Empire Office's Motion

Empire Office's motion for summary judgment dismissing Plaintiff's Labor Law § 240(1) claim is granted without opposition. Empire Office's motion for summary judgment dismissing Plaintiff's Labor Law § 241(6) claim predicated on a violation of § 23-1.7(e)(1) is denied as Plaintiff is awarded summary judgment under that claim. Empire Office's motion for summary judgment dismissing Plaintiff's Labor Law § 200 claim is denied as they may have created or contributed to the dangerous condition by instructing Plaintiff to use the walkway covered by the tarp without any Masonite. Moreover, as Plaintiff's employer, Empire Office controlled the means and methods of Plaintiff's work, and a jury could reasonably apportion fault to Empire Office for failing to instruct properly Plaintiff to perform his work in a safe manner.

Empire Office's motion for summary judgment dismissing the remainder of Plaintiff's Labor Law § 241(6) claim is granted – Plaintiff only opposed dismissal of his Labor Law § 241(6) claim predicated on a violation of Industrial Code §§ 23-1.7(e)(1) and (e)(2), therefore the remainder of his Labor Law § 241(6) claim is dismissed as abandoned. While Plaintiff was granted summary judgment on his Labor Law § 241(6) claim predicated on a violation of Industrial Code § 23-1.7(e)(1), there is no basis for his Industrial Code § 23-1.7(e)(2) claim because his injury was not caused by debris, a sharp projection, or any scattered tools or material, therefore, this claim is dismissed.

Empire Office's motion for summary judgment dismissing Gannon's claim for breach of contract for failure to procure insurance and common-law indemnification are dismissed without opposition.[3] However, Empire Office's motion for summary judgment dismissing Gannon's

---

[3] Defendants/Third-Party Plaintiffs oddly argue in their brief that Empire Office is not entitled to common law indemnification, but Empire Office does not move for common law indemnification, they seek to dismiss the common law indemnification claim asserted against them.

**156323/2021 BERARDI, CHRISTOPHER vs. 900 THIRD AVENUE, L.P. ET AL**
**Motion No. 001**

**Page 6 of 8**

contractual indemnification claim is denied. A jury may reasonably find Empire Office was negligent in causing the accident. Even if found just partially negligent, the contractual indemnity clause at issue expressly contemplates partial indemnification in favor of Gannon (*see also Brooks v Judlau Contracting, Inc.*, 11 NY3d 204 [2008]). Likewise, the contribution claim survives as Empire Office has failed to establish it is free of any negligence.

Accordingly, it is hereby,

ORDERED that Third-Party Defendant Empire Office, Inc.'s motion for summary judgment dismissing Plaintiff's Complaint and Defendants/Third-Party Plaintiffs Complaint is granted in part and denied in part; and it is further

ORDERED that Third-Party Defendant Empire Office, Inc.'s motion for summary judgment dismissing Plaintiff's Complaint is denied solely to the extent that Plaintiff's Complaint alleging violations of Labor Law § 200 and Labor Law § 241(6) predicated on a violation of Industrial Code §§ 23-1.7(e)(1) survive, and the remainder of Plaintiff's Complaint through which liability may flow through to Third-Party Defendant Empire Office, Inc. is hereby dismissed; and it is further

ORDERED that Third-Party Defendant Empire Office, Inc.'s motion for summary judgment dismissing the Third-Party Complaint is denied solely to the extent that the Third-Party claims for contribution and contractual indemnification survive, and the remainder of the Third-Party Complaint is dismissed; and it is further

ORDERED that Plaintiff's motion for summary judgment is granted solely to the extent Plaintiff is granted partial summary judgment on the issue of liability with respect to his Labor Law § 241(6) predicated on a violation of Industrial Code §§ 23-1.7(e)(1) claim asserted against Defendants/Third-Party Plaintiffs 900 Third Avenue, L.P., Paramount Group, Inc., and Gannon

[* 7]

Contracting, LLC is granted, and the remainder of Plaintiff's motion for summary judgment is denied; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 6/12/2025 | | _Mary V Rosado JSC_ |
|:---:|---|:---:|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |