■ JOSEPH McBYRNE et al., Respondents, v AMBASSADOR CONSTRUCTION CO., INC., Appellant, et al., Defendants. UNITED JEWISH APPEAL, Third-Party Plaintiff, v FOREST ELECTRIC CORP. et al., Third-Party Defendants-Appellants. [736 NYS2d 17] —Order, Supreme Court, New York County (Louis York, J.), entered on or about March 26, 2001, which, *inter alia*, denied the motions of defendants and third-party defendants for summary judgment dismissing plaintiffs' claims under Labor Law §§ 200, 240 (1) and § 241 (6), unanimously modified, on the law, so as to grant the motions to the extent of dismissing the Labor Law §§ 200 and 240 (1) claims, and otherwise affirmed, without costs.

As plaintiff stood on the second rung from the bottom of an "A-frame" ladder at the work site, a pencil-thick data cable which was attached, along with other similar cables, to a grid in the ceiling above him, swung away from the grid and a wire at its tip struck him in the eye, causing injury.

The IAS court denied the moving defendants' motion for summary judgment dismissing plaintiffs' claims, which were predicated upon Labor Law §§ 200, 240 (1) and § 241 (6). We modify by dismissing the claims predicated upon Labor Law §§ 200 and 240 (1), but affirm the denial of summary judgment with respect to the section 241 (6) claim.

With respect to the section 200 claim, it is clear that Ambassador had no direct supervision or control over the manner of the work's performance (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876). With respect to the section 240 (1) claim, it is clear that the ladder on which plaintiff was standing functioned properly and, further, that the injury was not occasioned as a result of plaintiff (a) falling from a height, or (b) being struck by an object being hoisted or secured at the time of the accident in the absence of or inadequacy of a proper safety device (*see, Narducci v Manhasset Bay Assocs.*, 96 NY2d 259, 268).

But, as to the cause of action brought under Labor Law § 241 (6), we believe that an issue is presented as to whether plaintiff's injury is attributable to a violation of 12 NYCRR

23-1.8 (a), which provides that "Approved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons while employed in welding, burning or cutting operations or in chipping, cutting or grinding any material from which particles may fly, *or while engaged in any other operation which may endanger the eyes*" (emphasis added) (*see, Cappiello v Telehouse Intl. Corp. of Am.*, 193 AD2d 478, 479; *Shaheen v International Bus. Machs. Corp.*, 157 AD2d 429). Concur—Tom, J.P., Andrias, Saxe, Lerner and Buckley, JJ.