■ DOMINGO REYES, Plaintiff, v ORIENT OVERSEAS ASSOCIATES et al., Defendants, and LYONS AND DONAHUE CONTRACTING, INC., Appellant, and ROYAL INDEMNITY COMPANY, Respondent. (And a Third-Party Action.) [767 NYS2d 4] —Order, Supreme Court, New York County (Louis York, J.), entered July 26, 2002, which, inter alia, denied the motion of defendant-appellant contractor, Lyons and Donahue, to reduce the proposed judgment in favor of defendant Royal Indemnity upon its claim against Lyons and Donahue for contractual indemnification, unanimously affirmed, with costs.

The indemnity clause in the contract between defendant Royal Indemnity and its general contractor, Lyons and Donahue, unequivocally provides that Lyons and Donahue "is solely responsible for and agrees to indemnify and hold Royal harmless from and against any and all losses, claims (including costs, expenses and reasonable attorneys' fees) for or on account of * * * injuries of persons, caused by, resulting from, growing out of, or incident to the Work" except those "resulting solely from the negligence of Royal." This broad and inclusive clause evidences an intent that Lyons and Donahue would be

responsible for all claims relating to personal injuries growing out of its work. Accordingly, although the indemnity claim of Royal's landlord, defendant Orient Overseas Associates, was premised on a contractual agreement with Royal, it nonetheless fell within the scope of the above-quoted indemnification provision, since it sought reimbursement for personal injury claims growing out of the work Lyons and Donahue contracted with Royal to perform, and there is no contention that plaintiff's injury resulted solely from the negligence of Royal (*see Margolin v New York Life Ins. Co.*, 32 NY2d 149 [1973]). Construing the indemnity clause as pertaining to all claims arising from plaintiff's accident, including that of Orient, affords fair meaning to all the language employed by the parties and leaves no provision without force and effect.

We have considered Lyons and Donahue's remaining arguments and find them unavailing. Concur—Sullivan, J.P., Rosenberger, Lerner, Friedman and Marlow, JJ.