Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 18, 2012, which, insofar as appealed from as limited by the briefs, granted defendant Lefrak SBN Limited Partnership’s motion for summary judgment on its cross claim for contractual indemnification against defendant Benihana National Corp. to the extent of awarding Lefrak conditional summary judgment, unanimously affirmed, with costs.
The unambiguous language of the lease between Lefrak, as landlord, and Benihana, as tenant, requires Benihana to indemnify Lefrak against claims arising from, among other things, the management of the premises, from any act or omission of Benihana’s, or from any condition created by Benihana within the premises. Lefrak established prima facie that plaintiff’s accident was caused by Benihana’s improperly repaired or maintained floor drains located above the stairway where plaintiff slipped and fell. There is an abundance of evidence that Benihana had actual notice of the defective condition of its drains, including testimony that leaks occurred often and repair invoices showing that Benihana hired plumbers to clear “Grease stoppage in Floor drain” on several occasions, at least two of which were deemed emergencies. Lefrak also submitted an affidavit by an engineer, who opined that the wet condition in the stairway was caused by the clogged drains in Benihana’s kitchen.
*533 Benihana failed to raise an issue of fact in opposition. Its arguments focus almost exclusively on whether Lefrak was responsible for maintenance and repair of plumbing lines or pipes, which assumes that the only source of the liquid or water in the stairway was a pipe in the stairwell.
We reject Benihana’s argument that Lefrak cannot be awarded conditional summary judgment on its cause of action for contractual indemnification unless it establishes that it is free from negligence. The order directs Benihana “to indemnify Lefrak for any liability arising out of the accident that was not the result of Lefrak’s own negligence” (emphasis added) (see Burton v CW Equities, LLC, 97 AD3d 462, 463 [1st Dept 2012]).
We have considered Benihana’s remaining arguments and find them unavailing. Concur — Andrias, J.E, Friedman, Richter, Manzanet-Daniels and Feinman, JJ.