Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered October 9, 2012, which, insofar as appealed from as limited by the briefs, denied the motion of defendants Gotham Construction Company (Gotham) and Thatch, Ripley & Company, LLC (Thatch) for summary judgment dismissing plaintiffs Labor Law § 200 and common-law negligence claims as against them, and denied the motion of defendants Gray-Line Development Co, LLC (Gray-Line), Gotham, and Thatch for summary judgment on their contractual indemnification claims against third-party defendant Sorbara Construction Corporation (Sorbara), unanimously modified, on the law, to unconditionally grant Gray-Line’s motion for summary judgment on its contractual indemnification claim against Sorbara, and condi *635 tionally granting Gotham and Thatch’s motion for summary judgment on their contractual indemnification claim against Sorbara, and otherwise affirmed, without costs.
Plaintiff commenced this action for injuries he sustained while he was working on reinforcing the ceiling of a building under construction, when the ladder he was standing on allegedly fell due to the uneven condition of the concrete floor on which it was placed. The motion court properly declined to dismiss the Labor Law § 200 and common-law negligence claims against defendants Gotham and Thatch since there are issues of fact as to whether they “exercised general control over the work site and had constructive notice of the alleged uneven floor condition that caused plaintiffs fall” (see Kosovrasti v Epic [217] LLC, 96 AD3d 695, 696 [1st Dept 2012]). Although Thatch ceased to be the legal owner of the property approximately two months before the accident, and Gotham’s contract designated it as the construction manager rather than the general contractor, Gotham’s job superintendent and site safety supervisor testified that he broadly supervised and controlled the work site (see Walls v Turner Constr. Co., 4 NY3d 861, 864 [2005]). Additionally, two Gotham employees and a Thatch employee were responsible for coordinating the work of the trades, including third-party defendant Sorbara’s work pouring concrete and plaintiff’s employer’s work reinforcing the ceiling, arguably providing these two defendants with the opportunity to stop the ceiling work from proceeding until the defects in the floor were remedied. Moreover, the evidence indicates that Gotham’s safety supervisory and the Thatch employees were on site every day, and that the former conducted multiple daily walk-throughs.
However, the court improperly found that a conflict between two indemnification provisions created an ambiguity raising triable issues of fact. One of those provisions is irrelevant because it pertains only to injuries sustained by employees of third-party defendant Sorbara, and plaintiff was employed by another company. The other provision, “Exhibit D,” a rider to Sorbara’s subcontract, provides for indemnification from Sorbara where, inter alia, an accident is claimed to have occurred “as a result of or connected with” Sorbara’s work on the subject construction project. This clear and unambiguous indemnification provision was triggered by plaintiff’s claim that his accident was caused in part by the uneven condition of the concrete floor (see Cerverizzo v City of New York, 116 AD3d 469 [1st Dept 2014]). Accordingly, Gray-Line’s motion for summary judgment on its claim for contractual indemnification against Sorbara should be granted unconditionally since Gray-Line’s “liability is purely *636 vicarious” in light of the court’s unchallenged dismissal of the Labor Law § 200 and common-law negligence claims against it (see Guzman v 170 W. End Ave. Assoc., 115 AD3d 462 [1st Dept 2014]). Contrary to Sorbara’s argument, Thatch’s conveyance of the property to Gray-Line before the accident effectively assigned its indemnification rights to Gray-Line pursuant to the assignment clause in the subcontract between Thatch and Sorbara. Gotham and Thatch are entitled to conditional summary judgment on indemnification under the same provision since there are pending issues of fact regarding their negligence (see Wood v Lefrak SBN Ltd. Partnership, 111 AD3d 532, 533 [1st Dept 2013]). Given the motion court’s finding that the accident was caused at least in part by the failure to provide adequate safety devices in violation of Labor Law § 240 (1), “there is no contention that plaintiffs injury resulted solely from the negligence of” Gotham or Thatch (Reyes v Orient Overseas Assoc., 309 AD2d 682, 683 [1st Dept 2003]). Notably, there is no challenge on appeal to the court’s grant of plaintiffs motion for partial summary judgment on his section 240 (1) claim against Gray-Line. Pursuant to the indemnification provision, defendants are entitled to attorneys’ fees (see Flynn v 835 6th Ave. Master L.P., 107 AD3d 614 [1st Dept 2013]), subject to the conditional grant of summary judgment in favor of Gotham and Thatch.
Concur—Sweeny, J.E, Renwick, Saxe, Freedman and Richter, JJ.