Order, Supreme Court, New York County (Paul Wooten, J.), entered April 25, 2013, which, insofar as appealed from as limited by the briefs, granted plaintiffs’ motion for summary judgment on the issue of defendants’ liability under Labor Law § 240 (1), granted defendants’ motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against defendant Pike Construction Company, Inc., and granted Pike’s motion for summary judgment on its contractual indemnification claim against third-party defendant (Car-Win Construction, Inc.), unanimously modified, on the law, to deny defendants’ motion as to the Labor Law § 200 and common-law negligence claims predicated on allegations that the accident was caused by a wet and/or muddy condition on *650 the ground, and to grant Pike’s motion conditionally, and otherwise affirmed, without costs.
Plaintiffs established defendants’ liability under Labor Law § 240 (1) by presenting evidence that plaintiff Daniel Fuger was injured in a fall from an elevation of approximately 12 or 14 feet, while erecting a steel structure, proximately caused by defendants’ failure to equip him with safety devices providing adequate protection (see Mouta v Essex Mkt. Dev. LLC, 106 AD3d 549 [1st Dept 2013]). Defendants failed to raise a triable issue of fact whether plaintiffs failure to use a safety harness was the sole proximate cause of his injuries, since the record demonstrates that plaintiff was not expected to use any fall protection devices when working less than 30 feet above the ground (see Gallagher v New York Post, 14 NY3d 83, 88-89 [2010]).
The Labor Law § 200 and common-law negligence claims predicated on allegations that plaintiffs fall was caused by the wet or muddy condition of the ground, with the mud tracked up to the beam from which he fell, should not be dismissed as against Pike (see Velasquez v 795 Columbus LLC, 103 AD3d 541, 542 [1st Dept 2013]). Pike’s superintendent was walking around the area taking photographs of the ground for about half an hour before the accident and shortly after the accident, and he testified that the photos showed a muddy condition. However, the accident otherwise resulted from the method, means, or materials of plaintiff’s work on the steel structure from which he fell, and Pike’s general oversight and authority to stop unsafe work on the site does not establish the supervisory control over plaintiffs performance of his work that is required for Pike to be held liable for plaintiffs injuries relating to those conditions (see O’Sullivan v IDI Constr. Co., Inc., 28 AD3d 225 [1st Dept 2006], affd 7 NY3d 805 [2006]).
The provision of Car-Win’s subcontract requiring Car-Win to indemnify Pike for any personal injury claims “arising out of, relative to, or resulting from the performance of the Work and/or [Car-Win’s] operations under this Agreement” was triggered by this action in which plaintiff, a Car-Win employee, seeks damages for injuries he sustained while performing Car-Win’s work (see Torres v Morse Diesel Intl., Inc., 14 AD3d 401, 403 [1st Dept 2005]). However, in light of the issues of fact that exist as to Pike’s negligence, Pike’s motion for summary judgment on its contractual indemnification claim against Car-Win must be granted conditionally, rather than unconditionally (see Wood v Lefrak SBN Ltd. Partnership, 111 AD3d 532 [1st Dept 2013]). The subcontract provides for indemnification even if the injuries were caused in part by Pike’s negligence; contrary to Car-Win’s *651 contention, the accident could not have been caused solely by Pike’s negligence, because it was caused at least in part by Pike’s violation of Labor Law § 240 (1), which imposes absolute liability.
Concur—Mazzarelli, J.P, Friedman, Saxe, ManzanetDaniels and Feinman, JJ.