■ CARLOS QUIROZ, Respondent-Appellant, v WELLS REIT-222 EAST 41ST STREET, LLC, et al., Respondents, and ADCO ELECTRICAL CORP., Appellant-Respondent, et al., Defendant. [9 NYS3d 34]—

Order, Supreme Court, New York County (Louis B. York, J.), entered December 18, 2013, which, insofar as appealed from as limited by the briefs, granted defendants Wells Reit-222 East 41st Street, LLC, Jones Day and Hunter Roberts Construction Group, L.L.C.'s (collectively, the Wells defendants) motion for summary judgment dismissing the common-law negligence and Labor Law § 200 claims as against Hunter Roberts and on their contractual indemnification claims against defendant ADCO Electric Corp., and sua sponte dismissed the common-law negligence claim as against ADCO, unanimously modified, on the law, to reinstate the common-law negligence claim as against ADCO, and otherwise affirmed, without costs.

Plaintiff, a steamfitter, seeks damages for injuries he allegedly suffered after receiving an electrical shock while performing his work in the ceiling of a building under renovation.

The common-law negligence claim should not have been dismissed as against ADCO, the electrical subcontractor, since issues of fact exist whether ADCO properly "safed-off" the electrical wiring for ceiling light fixtures. However, the common-law negligence and Labor Law § 200 claims were correctly dismissed as against Hunter Roberts, since general oversight duties, work coordination, and safety reviews do not constitute supervision and control under Labor Law § 200 (*see Reilly v Newireen Assoc.*, 303 AD2d 214 [1st Dept 2003], *lv denied* 100 NY2d 508 [2003]). That the steamfitters performed their work after, rather than before, the electricians had performed theirs merely furnished the occasion for the accident; there is no evidence that any aspect of the coordination of the trades proximately caused plaintiff's accident (*compare Sosa v 46th St. Dev. LLC*, 101 AD3d 490 [1st Dept 2012] [general contractor was on notice that non-electrical contractors were activating power in project areas without authorization]). Further, Hunter Roberts established prima facie that it was not on notice of the unsafe condition of the wires, and plaintiff failed to raise an issue of fact in opposition.

The court correctly granted the Wells defendants summary

judgment on their claim against ADCO for contractual indemnification. In opposition to the motion, plaintiff did not contest the issue of liability against Wells and Jones, and Hunter Roberts has been found free from negligence. Contrary to ADCO's contention, the fact that plaintiff was granted summary judgment on his Labor Law § 241 (6) claim against the Wells defendants does not bar full contractual indemnity for them, since their liability under Labor Law § 241 (6) is purely vicarious (see Cunha v City of New York, 12 NY3d 504, 509 [2009]; Cerverizzo v City of New York, 116 AD3d 469 [1st Dept 2014]; Mouta v Essex Mkt. Dev. LLC, 106 AD3d 549 [1st Dept 2013]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels and Clark, JJ. ■