■ CARLOS PAULINO, Respondent, v BRADHURST ASSOCIATES, LLC, Respondents-Appellants, and UNIVERSAL CONSTRUCTION CONTRACTORS, INC., Appellant-Respondent. [41 NYS3d 476]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered September 22, 2015, which, to the extent appealed from as limited by the briefs, granted defendants Bradhurst Associates, LLC and Tryax Realty Management Co.'s motion to the extent they sought summary judgment on their contractual indemnification claim against defendant Universal Construction Contractors, Inc., and denied the motion to the extent they sought to dismiss the Labor Law § 241 (6) claim, unanimously affirmed, without costs.

Plaintiff was injured when a screw he was driving into Sheetrock using a power drill sprang back and struck him in the eye. An issue of fact exists whether plaintiff was "engaged in an[ ] . . . operation which may endanger the eyes" (Industrial Code [12 NYCRR] § 23-1.8 [a]), precluding summary dismissal of his Labor Law § 241 (6) claim (see *Buckley v Triborough Bridge & Tunnel Auth.*, 91 AD3d 508 [1st Dept 2012]; *McByrne v Ambassador Constr. Co.*, 290 AD2d 243 [1st Dept 2002]).

The agreement between Universal and Tryax required Universal to indemnify Bradhurst and Tryax "[t]o the fullest extent permitted by law . . . against all liability, claims and demands on account of injury to persons . . . arising out of the performance, or lack or performance, of the Agreement by [Universal]." The language of the agreement as a whole, coupled with the surrounding circumstances, demonstrates that the parties intended to obligate Universal to indemnify Bradhurst and Tryax for any liability stemming from the

renovation work; that obligation was triggered by the claim of plaintiff, an employee of Universal, for damages for injuries he sustained while performing Universal's work (*see Shea v Bloomberg, L.P.*, 124 AD3d 621, 623 [2d Dept 2015]; *Fuger v Amsterdam House for Continuing Care Retirement Community, Inc.*, 117 AD3d 649, 650 [1st Dept 2014]).

Moreover, the common-law negligence and Labor Law § 200 causes of action having been dismissed, there is no bar to contractual indemnification for Bradhurst and Tryax, because any liability imposed on them under Labor Law § 241 (6) will be purely vicarious (*see Best v Tishman Constr. Corp. of N.Y.*, 120 AD3d 1081, 1082 [1st Dept 2014]; *see Quiroz v Wells Reit-222 E. 41st St., LLC*, 128 AD3d 442, 443 [1st Dept 2015]). Concur—Mazzarelli, J.P., Saxe, Moskowitz, Kahn and Gesmer, JJ.