Quiroz v New York Presbyt./Columbia Univ. Med. Ctr. (2022 NY Slip Op 00988)





Quiroz v New York Presbyt./Columbia Univ. Med. Ctr.


2022 NY Slip Op 00988


Decided on February 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 15, 2022

Before: Kern, J.P., Oing, Singh, Moulton, González, JJ. 


Index No. 153266/16, 595875/16 Appeal No. 15315 Case No. 2020-04798 

[*1]Gustavo Quiroz, et al., Plaintiffs-Respondents,
v
New York Presbyterian/Columbia University Medical Center, et al., Defendants-Appellants.
New York Presbyterian/Columbia University Medical Center, et al., Third-Party Plaintiffs-Appellants,
v
PJ Mechanical Corporation, et al., Third-Party Defendants-Respondents.


Barry McTiernan & Moore LLC, New York (Laurel A. Wedinger of counsel), for appellants.
Sacks and Sacks, LLP, New York (Scott N. Singer of counsel), for Gustavo Quiroz and Jasmine Quiroz, respondents.
Law Office of James J. Toomey, New York (Evy L. Kazansky of counsel), for PJ Mechanical Corporation, respondent.
Newman Myers Kreines Harris, P.C., New York (Matthew Lavoie of counsel), for Penava Mechanical Corp., respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about November 17, 2020, which, to the extent appealed from, denied defendants New York Presbyterian/Columbia University Medical Center (NY Presbyterian) and Structure Tone, Inc.'s motion for summary judgment dismissing the Labor Law § 200 and common-law negligence claims as against Structure Tone, denied their motion for summary judgment on their claims for contractual indemnity against third-party defendants PJ Mechanical Corporation and Penava Mechanical Corp., and granted PJ Mechanical's motion for summary judgment to the extent of dismissing NY Presbyterian/Structure Tone's claims against it for common-law indemnity, contribution, and breach of contract for failure to procure insurance, unanimously modified, on the law, to grant NY Presbyterian summary judgment on its claim for contractual indemnity against PJ Mechanical and conditional summary judgment on its claim for contractual indemnity against Penava, deny PJ Mechanical's motion for summary judgment dismissing NY Presbyterian/Structure Tone's breach of contract claim against it, and otherwise affirmed, without costs.
Plaintiff, a steamfitter employed by Penava, was injured in a fall from a Penava-issued A-frame ladder that tilted after a leg of the ladder broke through a temporary masonite covering on the surface of the building's roof. The building was owned by NY Presbyterian. The record evidence indicates that laborers employed by NY Presbyterian's general contractor at the project site, Structure Tone, had installed the masonite on the roof. Structure Tone had hired PJ Mechanical to install the building's HVAC system and PJ Mechanical, in turn, subcontracted the installation of its HVAC equipment to Penava. PJ Mechanical's project superintendent testified that PJ Mechanical would oversee and direct Penava's work, including interacting with Penava's foreman at the project sight, but that PJ Mechanical did not control the means and methods of plaintiff's work. Plaintiff claimed that he only received his work instructions from Penava's foreman.
The motion court correctly denied Structure Tone's motion to dismiss the Labor Law § 200 and common-law negligence claims against it. Structure Tone failed to establish prima facie that it did not create the hazardous condition, i.e., the masonite roof cover (see Pawlicki v 200 Park, L.P., 199 AD3d 578 [1st Dept 2021]; Lipari v AT Spring, LLC, 92 AD3d 502, 504 [1st Dept 2012]).
Given the broad indemnification provision PJ Mechanical agreed to, namely, that NY Presbyterian/Structure Tone would be entitled to indemnification from PJ Mechanical if an accident arose out of its subcontract work (or sub-subcontracted work), NY Presbyterian/Structure Tone would be entitled to indemnification whether or not negligence by PJ Mechanical contributed to plaintiff's accident (see e.g. Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178 [1990]; Cackett v Gladden Props., LLC, 183 AD3d [*2]419, 421-422 [1st Dept 2020]). The evidence demonstrates that plaintiff's fall arose out of or in connection with Penava's HVAC installation work. Plaintiff withdrew his Labor Law § 200 and negligence claims against NY Presbyterian, and the record presents no basis to deny NY Presbyterian summary judgment on its contractual indemnification claim against PJ Mechanical (see e.g. Paulino v Bradhurst Assoc., LLC, 144 AD3d 430 [1st Dept 2016]). By contrast, as factual issues exist as to whether Structure Tone was the sole proximate cause of plaintiff's injuries, summary judgment on its contractual indemnification claim would be premature (see Pawlicki, 199 AD3d 578; Cackett, 183 AD3d at 422). For the same reason, notwithstanding the broad indemnification language, conditional summary judgment on Structure Tone's contractual indemnification claim would be inappropriate (see Pawlicki; Cackett).
To the extent NY Presbyterian also sought summary judgment on its contractual indemnification claim against Penava, the Penava indemnification provision, to be triggered, required proof that the accident was caused, in whole or in part, by an act or omission of Penava or its subcontractors. As there is a factual issue as to whether Structure Tone was the sole proximate cause of plaintiff's injury, NY Presbyterian is only entitled to conditional summary judgment on its contractual indemnification claim against Penava (see generally Matter of New York City Asbestos Litig., 41 AD3d 299 [1st Dept 2007]; Pardo v Bialystoker Ctr. & Bikur Cholim, Inc., 10 AD3d 298 [1st Dept 2004]). Similarly, Structure Tone is not entitled to summary judgment or conditional summary judgment on its claim for contractual indemnification against Penava.
The motion court properly dismissed NY Presbyterian/Structure Tone's claims for common-law indemnification and contribution as against PJ Mechanical. The evidence submitted was insufficient to raise a triable issue as to whether PJ Mechanical was negligent or exercised actual supervision or control over the injury-producing work (see Naughton v City of New York, 94 AD3d 1, 10 [1st Dept 2012]). Any such conclusion on this record would be speculative. NY Presbyterian/Structure Tone's contribution claims against PJ Mechanical also lacked evidentiary support and were properly dismissed.
NY Presbyterian/Structure Tone's breach of contract claim should not have been dismissed, because PJ Mechanical failed to establish prima facie that it complied with the parties' agreement that it procure a comprehensive general liability insurance policy, together with any umbrella/excess policies, which afforded at least $5 million coverage per occurrence and aggregate (see generally, Robles v 635 Owner, LLC, 192 AD3d 604, 605 [1st Dept 2021]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 15, 2022