## Rudzikewycz v 164 W. 79th St. Corp.

2025 NY Slip Op 31771(U)

May 16, 2025

Supreme Court, New York County

Docket Number: Index No. 152685/2018

Judge: Kathleen Waterman-Marshall

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT: **HON. KATHLEEN WATERMAN-MARSHALL** | PART 09M |
| *Justice* | |

-------------------------------------------------------------------------------X

NICK RUDZIKEWYCZ,

                     Plaintiff,

              - v -

164 WEST 79TH STREET CORP., ORSID REALTY CORP.,

                     Defendant.

-------------------------------------------------------------------------------X


164 WEST 79TH STREET CORP., ORSID REALTY CORP.

                     Plaintiff,

                 -against-

ARNAB DEY, ROTH BUILT WORKS INC.

                     Defendant.

-------------------------------------------------------------------------------X

**INDEX NO.** 152685/2018

**MOTION DATE** 03/08/2024, 03/08/2024, 03/11/2024

**MOTION SEQ. NO.** 003 004 005

## DECISION + ORDER ON MOTION

Third-Party
Index No. 595783/2018

The following e-filed documents, listed by NYSCEF document number (Motion 003) 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 181, 184, 190, 191, 192, 193, 202, 203, 204, 208, 209, 210, 211, 212, 213, 214, 223, 226, 227, 228

were read on this motion to/for                         DISMISS                 .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 182, 185, 194, 195, 196, 197, 205, 206, 207, 215, 216, 217, 218, 219, 220, 221, 222, 224, 229

were read on this motion to/for                     JUDGMENT - SUMMARY        .

The following e-filed documents, listed by NYSCEF document number (Motion 005) 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 183, 186, 187, 188, 189, 198, 199, 200, 201, 225, 230, 234

were read on this motion to/for                 SUMMARY JUDGMENT(AFTER JOINDER   .

      Upon the foregoing documents and following on-the-record oral argument on April 29, 2025: (1) the motion by third-party defendant Roth Built Works, Inc. ("Roth") for summary judgment dismissing the third-party complaint and all cross-claims against it, and, in the alternative, dismissing plaintiff's Labor Law § 240(1) and § 241(6) claims (motion seq. 003); (2) the motion by defendant 164 West 79th Street Corp. ("the Co-Op") and Orsid Realty Corp. ("the Managing Agent") for summary judgment dismissing plaintiff's Labor Law § 240(1), § 241(6), § 200, and common law negligence claims, and granting it summary judgment on its third-party claims for contractual indemnification against Roth and

[* 1]

Arnab Dey ("Mr. Dey"), and for common-law indemnification against Roth (motion seq. 004); and (3) the motion by plaintiff for summary judgment on his Labor Law § 240(1) claim against the Co-Op and Managing Agent (motion seq. 005), are granted in part. Following oral argument on the motions, the Court read its Decision into the record (the transcript of which is uploaded to NYSCEF at Doc. No. 234, and is incorporated herein).

### *Brief Background*

As noted in the oral Decision, Plaintiff, a contractor employed by Roth, sustained injuries on November 29, 2016 when he fell from a 6-foot A-frame step ladder ("the ladder") during the course of performing renovation/alteration work ("the Work") in Apartment 10-D of the building located at 164 West 79th Street in Manhattan. Mr. Dey owned the Apartment.

Mr. Dey obtained permission from the Co-Op to perform the Work in his Apartment and entered into an Alteration Agreement, signed on May 18, 2016 ("the Alteration Agreement"), in that regard. As is here pertinent, Mr. Dey agreed, *inter alia*, to indemnify and hold harmless the Co-Op and the Managing Agent "against any damages suffered to persons or property as a result of the Work" and "shall reimburse" them "for any losses, costs, fines, fees and expenses (including, without limitation, reasonable attorney's fees and disbursements) incurred as a result of the Work" and "in the defense of any suit, action, claim or violation in connection with the Work." Mr. Dey also agreed to procure from his contractors workers' compensation and commercial general liability insurance naming the Co-Op and Managing Agent as additional insureds for the Work.

Pursuant to an Agreement dated June 10, 2016 ("the Agreement"), Mr. Dey hired Roth to perform the Work. On June 29, 2016, Roth, by Paul Skema as Owner, signed an indemnification agreement relating to the Work. Roth agreed that it "reviewed and fully understood" "an Apartment Decorating Agreement" between the Co-Op and the "Shareholder," identified as Arnab Dey, for Apartment 10D. Roth further agreed, *inter alia*, to

> . . . defend, indemnify and hold harmless the Indemnified Parties [identified as the Co-Op, its Shareholders, and their servants, agents, and employees] . . . against any and all liability, including legal costs and expenses on account of loss of life or injury to any person or damage to property, happening in or arising out to or in any way relating to the performance of the work unless such injury or loss of life or loss or damage to property is caused by the carelessness or negligence of that Indemnified Party.

Roth procured workers' compensation and commercial general liability insurance for the Work; the Co-Op and Managing Agent are named as additional insureds on those insurance policies. However, Roth's insurer disclaimed coverage for plaintiff's accident and injuries.

There are differing versions of the accident – one offered by plaintiff and the other offered by the Managing Agent – which, in very brief and very broad strokes, follow. According to plaintiff, the accident was unwitnessed and occurred when, while he was standing on the third rung from the bottom of the ladder, it shifted to the right causing him to lose his balance and fall backward, with the ladder falling and ultimately leaning on a garbage bag in the workspace. At the time of the accident, plaintiff was installing a duct in the ceiling; he had a cordless driver in his left hand and a piece of 4-inch duct in his right hand, had both feet on the ladder and was leaning into the ladder. Plaintiff had used the ladder for two to three months prior to the accident; never noticed any defects with it; would not have used it if it had defects; set the ladder up and felt it to be stable during the 15 to 20 minutes he used it prior to the accident; was working alone in the area at the time of the accident; and did not know what caused the ladder to shift. Plaintiff testified that he would have

[* 2]

preferred to use a Baker scaffold; he also testified that such scaffold was available at the jobsite on the day of the accident.

On the other hand, Nick Dragani, the Managing Agent's resident manager for the building, testified that he was about ten feet away from plaintiff when the accident occurred and had an unobstructed view of and witnessed the accident as it happened. According to Mr. Dragani, plaintiff was on the ladder, reaching to frame a drop ceiling, when the ladder was resting on garbage bags and "leaning on the side" – one side of the ladder was on the trash and the other side was on the concrete floor – and "it was kind of like in a crooked way then the ladder gave in, and they went in different directions, and he fell to the ground." Mr. Dragani testified that the Apartment was an active construction site with controlled garbage bags, tools and materials; which were Roth's responsibility to clear.

It is undisputed that plaintiff did not sustain a grave injury. He did not lose consciousness; he went to the emergency room where he underwent CT scans and x-rays, which were negative, given pain medication and released, and went back to work the following Monday.

### *Summary Judgment Is Granted In Part*

The Co-Op and Managing Agent are entitled to summary judgment on the third-party contractual indemnification claims against Mr. Dey and Roth, as "the intention to indemnify can be clearly implied from the language and purposes of [the Alteration Agreement and the June 29, 2016 indemnification agreement] and the surrounding facts and circumstances" (*Drzweinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777 [1987]). In addition, there is no evidence in this record that the Co-Op or Managing Agent was in any way negligent relative to the Work or plaintiff's accident and injuries (*see Rainer v Gray-Line Development Co., LLC*, 117 AD3d 634, 635 [1st Dept 2014]). Consequently, the Co-Op and Managing Agent are entitled to summary judgment on the third-party claims for contractual indemnification from Mr. Dey and Roth.

The Co-Op and Managing Agent's third-party breach of contract claim against Roth for failure to procure insurance, however, is subject to dismissal as Roth procured the insurance required for the Work and the Co-Op and Managing Agent are additional insureds on those policies; the insurer's disclaimer of coverage does not alter the conclusion that no breach of contract occurred (*Perez v Morse Diesel Intern., Inc.,* 10 AD3d 497, 498 [1st Dept 2004]). Consequently, Roth is entitled to summary judgment dismissing the third-party breach of contract claim asserted against it. Mr. Dey did not assert a cross-claim against Roth for contractual indemnification and, thus, is not entitled to any findings or relief on that issue.

The Co-Op, Managing Agent, and Mr. Dey are not entitled to common-law indemnification or contribution from Roth as it is undisputed that plaintiff did not sustain a "grave injury" within the meaning of Workers' Compensation Law § 11 (*see Fitzpatrick v Chase Manhattan Bank*, 285 AD2d 487, 488 [2d Dept 2001] [third-party claims for common law indemnification against injured worker's employer dismissed where injured worker did not sustain grave injury]). Consequently, the third-party claim and cross-claim for common law indemnification and contribution from Roth are dismissed.

Plaintiff's Labor Law § 241(6) claim is dismissed, on consent.

Plaintiff's Labor Law § 200 and common law negligence claims against the Co-Op and Managing Agent are subject to dismissal as they did not exercise control over the means and methods of plaintiff's work and had no notice of a defect or dangerous condition in Mr. Dey's Apartment (*see Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 144 [1st Dept 2012]). The garbage bags upon which the ladder may or may not have been resting at the time of plaintiff's accident do not constitute an "inherent defect" in the premises, so as to trigger liability for the Co-Op, as those garbage bags were created by the manner

[* 3]

in which Roth performed its work (and were Roth's responsibility to dispose of) (*see Villanueva v 114 Fifth Ave. Assocs. LLC*, 162 AD3d 404, 406 [1st Dept 2018] ["Where a defect is not inherent but is created by the manner in which the work is performed, the claim under Labor Law § 200 is one for means and methods and not one for a dangerous condition existing on the premises."]). Consequently, plaintiff's Labor Law § 200 and common law negligence claims against the Co-Op and Managing Agent are dismissed.

Summary judgment on plaintiff's § 240(1) claim – either in plaintiff's favor or dismissing the claim – is not warranted. First, plaintiff failed to establish that the ladder – which he set up, declared to be without defect and in stable condition for the 15-20 minutes he used it just prior to the accident – was "an inadequate safety device" [to the contrary, the record shows that the ladder and Baker scaffold were adequate safety devices available to plaintiff]. Second, the record reveals sharp questions of fact as to whether plaintiff was the sole proximate cause of his accident by placing the ladder on garbage bags before climbing on to it to perform his work, and/or failed to use the Baker scaffold in place and instead of the ladder (*Orellana v 7 W. 34th St., LLC,* 173 AD3d 886, 887 [2d Dept 2019]["A plaintiff is the sole proximate cause of his or her own injuries when, acting as a 'recalcitrant worker,' he or she misuses an otherwise proper safety device, chooses to use an inadequate safety device when proper devices were readily available, or fails to use any device when proper devices were available."]; *see also Blake v Neighborhood Hous. Servs. of New York City, Inc.*, 1 NY3d 280, 290 [2003] ["Even when a worker is not 'recalcitrant,' we have held that there can be no liability under section 240(1) when there is no violation and the worker's actions (here, his negligence) are the 'sole proximate cause' of the accident. Extending the statute to impose liability in such a case would be inconsistent with statutory goals since the accident was not caused by the absence of (or defect in) any safety device, or in the way the safety device was placed."]. The competing versions of the accident as offered by plaintiff and Mr. Dragani should be presented to the jury for determination as to whether, in fact, the ladder upon which plaintiff was working was properly secured for the work he was performing, and whether plaintiff was the sole proximate cause of his accident and injuries. Consequently, neither plaintiff nor any of the defendants and third-party defendants established prima facie entitlement to judgment on the Labor Law § 240(1) claim (*Orellana,* 173 AD3d 888; *see also Ellerbe v Port Auth. of New York & New Jersey*, 91 AD3d 441, 442 [1st Dept 2012] ["Where credible evidence reveals differing versions of the accident, one under which defendants would be liable and another under which they would not, questions of fact exist making summary judgment inappropriate"]).

Accordingly, it is hereby

**ORDERED** that the instant summary judgment motions (motion seqs. 003, 004, 005) are granted in part, and the claims, third-party claims, and cross-claims are resolved in accordance with this Decision and Order; and it is further

**ORDERED** that plaintiff's Labor Law § 241(6) claim against the Co-Op and Managing Agent is dismissed on consent; and it is further

**ORDERED** that plaintiff's Labor Law § 200 and common law negligence claims against the Co-Op and Managing Agent are dismissed on the merits; and it is further

**ORDERED** that plaintiff's Labor Law § 240(1) claim against the Co-Op and Managing Agent remain viable, and there are triable questions of fact as to whether the ladder upon which plaintiff was working was properly secured for the work he was performing, and whether plaintiff was the sole proximate cause of his accident and injuries; and it is further

**ORDERED** that the Co-Op and Managing Agent are entitled to contractual indemnification from Mr. Dey and Roth; and it is further

**ORDERED** that the Co-Op and Managing Agent are not entitled to common law indemnification and contribution from Mr. Dey or Roth; and it is further

**ORDERED** that the Co-Op and Managing Agent's third-party breach of contract claims are dismissed on the merits.

| **5/16/2025** | | | | **KATHLEEN WATERMAN-MARSHALL,** |
| DATE | | | | **J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152685/2018   RUDZIKEWYCZ, NICK vs. 164 WEST 79TH STREET CORP.**                    **Page 5 of 5**
**Motion No.  003 004 005**