Fernandez v Sub 412 Assoc., LLC (2026 NY Slip Op 01009)

Fernandez v Sub 412 Assoc., LLC

2026 NY Slip Op 01009

Decided on February 24, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 24, 2026

Before: Renwick, P.J., Kennedy, Rodriguez, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 161024/17, 595145/20, 595264/20|Appeal No. 5917-5918-5919|Case No. 2024-04192, 2024-05963, 2025-01946|

[*1]Juan Fernandez, Plaintiff-Respondent,
vSub 412 Associates, LLC, et al., Defendants-Appellants-Respondents, Nucor Construction Corp., Defendant-Respondent-Appellant, Design Republic Partners Architects, LLP, Defendant.
Nucor Construction Corp., Third-Party Plaintiff-Respondent-Appellant,
vAnfield Interiors, Inc., Third-Party Defendant-Appellant-Respondent, Manhattan Fine Cleaners Inc., Third-Party Defendant.

Aramis, Inc., Second Third-Party Plaintiff-Appellant- Respondent,
vAnfield Interiors, Inc., Second Third-Party Defendant-Appellant-Respondent.

The Estee Lauder Companies Inc., Third Third-Party Plaintiff-Appellant- Respondent,
vAnfield Interiors, Inc., Third Third-Party Defendant-Appellant-Respondent.

P&K Park LLP, New York (Christine M. Emery of counsel), for Sub 412 Associates, LLC, 2398 Realty Associates, LLC, Aramis, Inc. and The Estee Lauder Companies Inc., appellants-respondents.
Brody Law Group, PLLC, New York (Kristine M. Taylor of counsel), for Anfield Interiors, Inc., appellant-respondent.
Fabiani Cohen & Hall, LLP, New York (Nicholas M. Vevante of counsel), for Nucor Construction Corp., respondent-appellant.
Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for Juan Fernandez, respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered on or about April 25, 2024, which granted plaintiff's motion for partial summary judgment on his Labor Law § 240(1) claim, unanimously affirmed, without costs.
Order, same court and Justice, entered August 20, 2024, which, to the extent appealed from, denied the motion of defendants-appellants-respondents Sub 412 Associates, LLC (Sub 412), 2398 Realty Associates, LLC (Realty) (collectively, Sub 412/Realty) for summary judgment dismissing plaintiff's Labor Law § 240(1) claim against them, unanimously affirmed, without costs.
Order, same court and Justice, entered on or about March 24, 2025, insofar as it granted defendant-third-party plaintiff-respondent-appellant Nucor Construction Corp. (Nucor) conditional contractual indemnification against third-party defendant-second third-party defendant-third third-party defendant-appellant respondent Anfield Interiors, Inc. (Anfield) and defendant-second third-party plaintiff-appellant-respondent Aramis, Inc. (Aramis), denied the branch of Nucor's motion as sought summary judgment on its third-party claim against Anfield for common law indemnification, denied Nucor summary judgment dismissing all cross claims and counterclaims against it for common-law indemnity and contribution, and denied Nucor summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims against it, unanimously modified, on the law, to grant Nucor summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence claims against it, to grant Nucor full contractual indemnification against Anfield and to strike Aramis' name from the order, and otherwise affirmed, without costs.
Plaintiff was working as a laborer on a construction project, cleaning debris from the floor, when a floating ceiling that was installed as part of the project collapsed onto him, causing injuries. The floating ceiling was constructed by Anfield's carpenters, who were supposed to follow the plans and specifications prepared by defendant architectural firm. Post-accident inspection of the collapsed drop ceiling revealed that some of the steel rods supporting the drop ceiling were not embedded into the ceiling's concrete slab as required by the architectural plans, but rather, were affixed to non-structural sheetrock soffits. Anfield acknowledged its defective work and reconstructed the drop ceiling at its own expense. An expert engineer retained by Nucor, the general contractor, opined that the accident was caused by Anfield's failure to properly affix all the steel rod supports of the drop ceiling to the overhead concrete slab.
Defendants Sub 412/Realty owned the property. Defendant-third-party plaintiff-appellant-respondent The Estee Lauder Companies Inc. (Estee) and its subsidiary, Aramis, leased the sixth floor of the building and hired Nucor to renovate the space. Plaintiff was employed by third-party defendant Manhattan Fine Cleaners Inc., which Nucor hired to clean the worksite. The evidence established that Anfield directed and controlled the means and methods of the work involved in constructing the faulty drop ceiling at issue.
The court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim. Plaintiff established that his claim "involved a falling object as well as a fall from an elevation caused by inadequate safety devices" (Molina v 114 Fifth Ave. Assocs., LLC, 231 AD3d 543, 543 [1st Dept 2024]). Defendants' argument that the floating ceiling was a permanent structure, and that plaintiff was required to show that the collapse of the structure was foreseeable for the protections of Labor Law § 240(1) to apply is not persuasive. No evidence was offered as to a final inspection of the structure that would precede a "sign off" as to the drop ceiling's completion (see Rivera v 454 W. 57th St. Holding LLC, 236 AD3d 477, 477 [1st Dept 2025]; Delcid v Park Ave. Christian Church [Disciples of Christ], 231 AD3d 666, 666 [1st Dept 2024]).
Defendant Nucor should have been granted summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence against it. The evidence established that Anfield workers created the dangerous condition by the means and methods of their work when they failed to properly anchor all the pencil rods of the suspended ceiling into the ceiling's overhead concrete slab. Such defect was not inherent in the premises. Also, because there was no evidence offered to raise a triable issue that Nucor negligently performed its general supervision and inspection responsibilities over Anfield's work, Nucor has demonstrated its entitlement to full contractual indemnification from Anfield based on the broad, "arising out of" Anfield's work language contained in the contract (see Pimentel v DE Frgt. LLC, 205 AD3d 591, 594 [1st Dept 2022]), and inasmuch as Nucor's liability, if any, is purely vicarious (see Quiroz v Wells Reit-222 E. 41st St., LLC, 128 AD3d 442, 443 [1st Dept 2015]). Nucor is also entitled to common-law indemnification from Anfield, since it has demonstrated its liability is vicarious, without any proof of any negligence or actual supervision on its own part (see McCarthy v Turner Const., Inc., 17 NY3d 369, 377-378 [2011]). For similar reasons, Nucor is entitled to summary judgment dismissing all other cross claims and counterclaims against it for common-law indemnification and contribution.
To the extent Nucor did not move for contractual indemnification from Aramis, and Aramis did not have a contractual relationship with Nucor, Nucor is not entitled to such relief from Aramis.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2026